IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ATLANTIC CASUALTY**
**INSURANCE COMPANY**,

    **Plaintiff,**

v.

**ADAM HARRIS, INC.,**
**d/b/a LENNY'S TAVERN, et al.,**

    **Defendants.**                            Case No. 08-cv-647-DRH

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

### I. Introduction and Background

Before the Court is plaintiff Atlantic Casualty Insurance Company's Motion for Summary Judgment (Doc. 21), to which defendant Adam Harris, Inc., d/b/a Lenny's Tavern ("Lenny's Tavern") has responded in opposition (Doc. 28), and Plaintiff thereafter replied (Doc. 34). Plaintiff, as the insurer, and Lenny's Tavern, as the insured, entered into a contract for liability insurance, Policy No. M051000120, effective November 20, 2005 through November 20, 2006 (hereinafter, the "Policy"). Lenny's Tavern is currently involved in a lawsuit with his co-defendant in the instant matter, Joe L. Hays ("Hays"), entitled *Joe L. Hays v. Leonard Fowler d/b/a Lenny's Tavern*, filed in the Circuit Court of Madison County, Illinois, Case

Number 08-L-322 (hereinafter the "underlying suit"). Plaintiff is currently providing a defense on behalf of Lenny's Tavern in the underlying suit under the terms of Policy and pursuant to a complete reservation of rights. However, Plaintiff believes the language of the Policy excludes coverage and thus, there is also no duty to defend, which is also the basis for Plaintiff's Complaint for Declaratory Judgment (Doc. 2).

Plaintiff seeks the following relief: (1) a declaration that the underlying suit alleges an assault and/or battery by patrons of Lenny's Tavern, for which any duty to defend pursuant to the Policy is precluded by the terms of the Policy's Exclusion for Assault and/or Battery; (2) a declaration that any alleged failure of Lenny's Tavern to prevent or suppress the alleged assault and/or battery is also squarely precluded under the Policy pursuant to the Exclusion for Assault and/or Battery; (3) a declaration that Plaintiff has no obligation to defend or indemnify Lenny's Tavern under the Policy in connection with the underlying suit; and (4) a declaration that Defendants in this suit have no rights under the Policy in connection with the underlying suit (*see* Doc 2, pp. 7-8; Doc. 21, pp. 8-9).

In response, Lenny's Tavern argues that Plaintiff is estopped from denying coverage or its duty to defend for its failure to specifically inform its insured of a conflict of interest regarding the underlying suit and the less-than-vigorous defense provided to Lenny's Tavern in the underlying suit from the counsel hired by Plaintiff on behalf of its insured (Doc. 28). In its Reply, Plaintiff argues that the Exclusion in the Policy applies to either theory of liability (intentional versus negligence) in the underlying suit, so there is no conflict of interest and as such,

estoppel does not preclude its right to seek declaratory relief.

### A. The Underlying Suit

In the underlying suit, Joe L. Hays ("Hays") (one of Defendants in the instant suit), filed suit against Leonard Fowler d/b/a Lenny's Tavern, bringing three counts: (1) premises liability, (2) intentional tort, and (3) negligence (Doc. 2, Ex. 2 - underlying complaint). The underlying suit was filed on April 16, 2008, and alleges that on July 21, 2006, while Hays was lawfully on the premises of Lenny's Tavern as an invitee, he was attacked after exiting the men's restroom. Specifically, he alleges than upon exiting the men's restroom and returning to the bar area, one of the patrons, without provocation, placed Hays in a bear-hug hold and held him while other bar patrons hit him in the head and body with beer bottles, baseball bats, sticks and bricks, kicked and punched him in the face and then stabbed him twice in the back (*Id.*). Hays further alleges that although he cried out for help several times, none of the employees of Lenny's Tavern would call 911, and it was not until another bar patron finally called 911 that he was able to get any help. Hays was thereafter taken by ambulance to Gateway Regional Medical Center in Granite City, Illinois, where it was determined he suffered considerable blood loss. He was then transported to St. Louis University Hospital. Hays alleges that as a result of this attack at Lenny's Tavern, he suffered a punctured lung and remained hospitalized for two days as he needed to be on oxygen. Due to continued pain to his side and chest, Hays also alleges his inability to continue his work as a roofer.

Each of the three counts in the underlying suit contain the same

allegations: that Lenny's Tavern was negligent in failing to avoid harm to Hays from negligent or intentional attacks of third persons in the following respects: (A) failed to exercise ordinary care in protecting its patrons, including Hays, from physical harm by persons on or about the premises; (B) failed to act as a reasonable person in avoiding harm to its invitees including Hays, from negligent or intentional attacks of third persons; and (C) failed to act as a reasonable person in avoiding harm to its invitees including Hays, by not rendering assistance to Hays after the unprovoked attack on him when he requested assistance for his impairment (*see* Doc. 2, Ex. 2, ¶¶ 17-19 for Counts I, II & III).

**B.     The Policy**

Plaintiff sent Lenny's Tavern a Reservation of Rights letter, dated May 21, 2008 (Doc. 28, Attachment 1). This letter explained that pursuant to a review of both the Policy and the underlying suit, Plaintiff had determined there was no coverage under the Policy, but that it agreed to defend this matter on behalf of Lenny's Tavern under a complete reservation of rights. It thereafter listed the various provisions and exclusions of the Policy which it believed supported the finding of no coverage. It also provided the information for the appointed defense counsel, explaining that if it was later determined through a declaratory action that there was, in fact, no coverage, Plaintiff would be entitled to reimbursement of any sums paid. The instant declaratory judgment suit was filed on September 17, 2008 (Doc. 2).

Plaintiff's basis for summary judgment relies upon the provisions and

exclusions of the Policy, which mirrors the allegations in its complaint for declaratory relief (Doc. 2), and its Reservation of Rights letter. The provisions and exclusions relevant to Plaintiff's summary judgment argument are as follows:

**THE POLICY**

**SECTION 1 - COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

   \*\*\*

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   \*\*\*

2. **Exclusions**

   \*\*\*

   c. **Liquor Liability**

      "Bodily injury" or "property damage" for which any insured may be held liable by reason of:

      (1) Causing or contributing to the intoxication of any person;

      (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

  (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

**SECTION V - DEFINITIONS**

***

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

***

Plaintiff also notes that the Policy also contains certain Endorsements, including in the combination endorsement AGL-C-2 8/50, and provide in relevant part as follows:

**EXCLUSION - ASSAULT AND/OR BATTERY**

1. This Insurance does not apply to and we have no duty to defend any claims or "suits" for "bodily injury," "property damage" or "personal and advertising injury" arising in whole or in part out of:

 a) the actual or threatened assault or battery whether caused by or at the instigation or direction of any insured, his employees, patrons or any other person;

 b) the failure of any insured or anyone else for whom any insured is legally responsible to prevent or suppress assault or battery; or

 c) the negligent:

  (i) employment;
  (ii) investigation;
  (iii) supervision;
  (iv) training;
  (v) retention;

        of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) or (b) above.

2.     For the purposes of this endorsement, the words, "assault and/or battery" are intended to include, but are not limited to, sexual assault.

3.     Exclusion 2.a. of the Commercial General Liability Coverage Form is deleted in its entirety and replaced by the following:

    (a)   "bodily injury" or "property damage" expected or intended from the standpoint of any insured.

AGL-046 1/03

***

**LIMITATION - DUTY TO DEFEND**

Where there is no coverage under this policy, there is no duty to defend any insured. We are entitled to all rights of reimbursement from you or any insured or indemnitee for sums paid under this policy if it is determined that there is no coverage under the terms, conditions or exclusions of this policy.

AGL-056 8/05

***

(*See* Doc. 2, Ex. 1.)

### III. Discussion

A. **Legal Standard**

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c);** *Oats v. Discovery Zone*, **116 F.3d 1161, 1165 (7th Cir. 1997) (citing** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322 (1986))**. The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metro. Life Ins. Co.*, **123 F.3d 456, 461 (7th Cir. 1997) (citing** *Celotex*, **477 U.S. at 323)**. This Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. *Regensburger v. China Adoption Consultants, Ltd.*, **138 F.3d 1201, 1205 (7th Cir. 1998) (citing** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255 (1986));** *see also Smith v. Hope School*, **560 F.3d 694, (7th Cir. 2009) ("[W]e are not required to draw every conceivable inference from the record . . . we draw only reasonable inferences.") (citations omitted)**. Summary judgment is also appropriate if a plaintiff cannot make a showing of an essential element of his claim. *Celotex*, **477 U.S. at 322**. While the Court may not "weigh evidence or engage in fact-finding" it must determine if a genuine issue remains for trial. *See Lewis v. City of Chicago*, **496 F.3d 645, 651 (7th Cir. 2007)**.

In response to a motion for summary judgment, the non-movant may

not simply rest on the allegations in his pleadings; rather, he must show through specific evidence that an issue of fact remains on matters for which he bears the burden of proof at trial. **Walker v. Shansky, 28 F.3d 666, 670-71 (7th Cir. 1994),** *aff'd,* **51 F.3d 276 (citing Celotex, 477 U.S. at 324)**. No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." **Anderson, 477 U.S. at 249-50 (citations omitted);** *accord* **Starzenski v. City of Elkhart, 87 F.3d 872, 880 (7th Cir. 1996); Tolle v. Carroll Touch, Inc., 23 F.3d 174, 178 (7th Cir. 1994)**. In other words, "inferences relying on mere speculation or conjecture will not suffice." **Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009) (citation omitted);** *see also* **Anderson, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant].")**. Instead, the non-moving party must present "definite, competent evidence to rebut the [summary judgment] motion." **EEOC v. Sears, Roebuck & Co., 233 F.3d 432, 437 (7th Cir. 2000) (citation omitted)**.

**B.     Analysis**

In support of its request for summary judgment, Plaintiff asserts that Lenny's Tavern has no coverage under the Policy if found liable in the underlying suit, as the Policy expressly excludes coverage for any claims arising in whole or in part out of any assault or battery by anyone, including any employee, patron or other person (Doc. 21, pp. 5-7). Plaintiff further offers that Illinois courts have found the term "arising out of" not to be ambiguous when considered as part of exclusionary language of an insurance policy (*Id.*, citing in support ***Oakley Transport, Inc. v. Zurich Ins. Co.*, 648 N.E.2d 1099, 1104 (Ill. App. Ct. 1999); *Allstate Ins. Co. v. Smiley*, 659 N.E.2d 1345 (Ill. App. Ct. 1996); *Britamco Underwriters, Inc. v. J.O.C. Enterprises, Inc.*, 623 N.E.2d 1036 (Ill. App. Ct. 1993)**). Continuing, Plaintiff also asserts that because there is no coverage under the Policy applicable to the allegations of the underlying suit, Plaintiff also has no duty to defend and/or indemnify Lenny's Tavern in the underlying suit, as it included the "Limitation - Duty to Defend" provision in its Reservation of Rights letter (*Id.* at 21, citing ***General Agents Ins. Co. of America v. Midwest Sporting Goods*, 828 N.E.2d 1092 (Ill. 2005)**).

In response, Lenny's Tavern does not argue that the provisions of the Policy provides coverage for the underlying suit and therefore, a duty to defend and indemnify exists. Nor does Lenny's Tavern argue that the "Assault and/or Battery" Exclusion of the Policy does not apply to the allegations of the underlying suit.

Instead, Lenny's Tavern argues that Plaintiff is estopped from disclaiming its duty to defend or indemnify due to Plaintiff's failure to inform its insured of this conflict of interest created by the alternate theories of recovery plead in underlying suit (Doc. 28, pp. 1-4). Lenny's Tavern notes that the underlying suit contains causes of action based on negligence in Counts I and III and a cause of action for intentional conduct in Count II. As such, Lenny's Tavern asserts that these alternate theories of recovery create a conflict of interest for the counsel appointed by the insurer to represent the insured in the underlying suit. In support, Lenny's Tavern cites to Illinois case law holding that when such a conflict of interest exists, the insurer (or its appointed counsel), must notify its insured, of the conflict so that the insured can make a fully-informed decision regarding whether to continue with the representation from counsel appointed by the insurer or to obtain its own counsel (*Id*. at 2, citing ***Cowan v. Ins. Co. of North America*, 318 N.E.2d 315 (Ill. App. Ct. 1974);** ***Village Mgmt. v. Hartford*, 662 F. Supp. 1366 (N.D. Ill. 1987);** ***Allstate Ins. Co. v. Carioto*, 551 N.E.2d 382 (Ill. App. Ct. 1990);** ***Royal Ins. Co. v. Process Design Assoc.*, 582 N.E.2d 1234 (Ill. App. Ct. 1991)**).

The reason behind requiring such a disclosure is that sometimes, with alternate theories of recovery, a finding of liability in the underlying suit as to one theory (i.e., an intentional tort) may preclude coverage while a finding as to liability as to the other alternate theory of liability (i.e., negligence) will trigger coverage by the insurer. Therefore, counsel appointed by the insurer (as part of its duty to defend

obligation) to represent the insured may be conflicted as whether to vigorously defend the insured or whether to shape the defense in an attempt to evade coverage, maintaining allegiance to the insurer. As stated in *Cowan*:

> In defending an action against the insured when the existence of a policy defense may turn upon facts to be determined in that litigation, the insurer must act openly and with the utmost loyalty to its insured both in initially explaining the insurer's position in the matter and in the actual defense of the tort litigation. In the first instance, it is important that the insurer adequately inform the insured of the rights which it intends to reserve; for it is only when the insured is adequately informed of the potential policy defense that he can intelligently choose between retaining his own counsel or accepting the tender of defense counsel from the insurer. Accordingly, bare notice of a reservation of rights is insufficient unless it makes specific reference to the policy defense which may ultimately be asserted and to the potential conflict of interest.

*Cowan* **318 N.E.2d at 326**.

Similarly, in *Village Management*, the district court explained:

> [C]laims [in the underlying *Mabry* suit] not only raised potential questions of Policy coverage but also created a conflict of interest between plaintiffs and Hartford. Had plaintiffs been found guilty *only* of intentional discrimination against the *Mabry* class or classes, plaintiffs would have been rendered liable with no right to look to Hartford for indemnification. Thus it would have been in Hartford's own best interests-but certainly *not* in plaintiffs'-to present the case in a way pointing toward intentional discrimination.

*Village Mgmt.*, **662 F. Supp. at 1372**.

Appropriately then, when such a conflict of interest is discovered, the insurer should not participate in the defense of the insured in the underlying suit, but rather, should reimburse the insured for the costs of the defense, absent the insured's informed waiver of said conflict. ***See Thornton v. Paul*, 384 N.E.2d 335,**

**343 (Ill. 1979)**. Otherwise, the counsel appointed by the insurer to represent its insured may provide a less than vigorous defense. Consequently, Lenny's Tavern further argues that because of this conflict of interest, it has so far received a less than vigorous defense from the counsel Plaintiff appointed to represent Lenny's Tavern in the underlying suit (Doc. 28, pp. 2-4).

In reviewing the Parties' arguments, the Court notes that in the Response to summary judgment, filed by Lenny's Tavern, it labels its affirmative defense of estoppel by failure to disclose conflict of interest as "¶ 7 Affirmative Defense" (Doc. 28, p. 1). However, the Answer filed by Lenny's Tavern only contains six affirmative defenses (Doc. 7). Lenny's Tavern did later file a Motion for Leave to File Amendment to Affirmative Defenses (Doc. 27), which the Court denied without prejudice (Doc. 29). Lenny's Tavern thereafter renewed its Motion for Leave to File Amended Affirmative Defenses (Doc. 30), seeking to add Paragraph 7 to its Affirmative Defenses, setting forth allegations regarding a conflict of interest. This Motion was granted (Doc. 36), allowing Lenny's Tavern until November 12, 2009 to file. To date, Lenny's Tavern has never formally filed its Amended Affirmative Defenses to include "Paragraph 7," which would presumably be the estoppel affirmative defense it sets forth in its Response (Doc. 28) to the summary judgment motion. Generally, an affirmative defense that is not plead but instead, raised for the first time in a party's response to a summary judgment motion can be deemed waived. ***See, e.g., Venters v. City of Delphi*, 123 F.3d 956, 967-68 (7th Cir.**

**1997)**.  Thus, a party who fails to plead an affirmative defense it wishes to use when responding to a motion for summary judgment should move for leave to amend its answer.  ***Id.* at 968**.  In this case, Lenny's Tavern did just that, but failed to actually amend its Answer accordingly.  Thus, as a technical matter, the affirmative defense of estoppel could be deemed waived.  However, even if the Court were to allow leave at this late juncture for the Answer to be amended, upon a finding that this allowance would not prejudice Plaintiff, it still finds this affirmative defense to be unavailing.

A declaratory judgment action in federal court on the basis of diversity jurisdiction follows the substantive law of the forum state, which, in this case, is Illinois.  ***Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 634 (7th Cir. 2007)**.  Further, the construction of an insurance policy is a matter of law, ***Rich v. Principal Life Ins. Co.*, 875 N.E.2d 1082, 1090 (Ill. 2007)**, as are the "rights and obligations thereunder."  ***Crums and Forster Managers Corp. v. Resolution Trust Corp.*, 620 N.E.2d 1073, 1077 (Ill. 1993) (citations omitted)**.

When determining whether an insurer has a duty to defend its insured, the deciding court must look to the allegations in the underlying suit to see if the alleged cause(s) of action potentially fall within the provisions of the insurance policy.  ***See Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1212 (Ill. 1992)**.  The allegations must be liberally construed in favor of the insured.  ***General Agents Ins. Co. of America v. Midwest Sporting Goods*, 828 N.E.2d 1092, 1098 (Ill. 2005)**.  "When the underlying complaint against the insured alleged

facts within or potentially within the scope of policy coverage, the insurer taking the position that the complaint is not covered by its policy must defend the suit under a reservation of rights or seek a declaratory judgment that there is no coverage." ***Id.*** Thus, an insurer's duty to defend will be much broader than its duty to indemnify under the insurance policy. ***Id.*** Moreover, if a duty to defend does exist, an insurer's duty to indemnify its insured is only ripe for consideration when the insured has actually incurred liability in the underlying suit. ***Travelers Ins. Co. v. Eljer Mfg., Inc.*, 757 N.E.2d 481, 491-92 (Ill. 2001)**. However, if no duty to defend is found, the court may also then find the insurer has no duty to indemnify its insured under the provisions of the insurance policy. ***State Farm Fire & Cas. Co. v. Hatherley*, 621 N.E.2d 39, 42 (Ill. App. Ct. 1993)**.

In this case, although the Counts in the underlying suit are labeled "negligence" and "intentional tort," the allegations *are exactly the same*. Therefore, the Court does not find that there is an actual conflict of interest regarding alternate theories of recovery of which Plaintiff was obligated to disclose to Lenny's Tavern. Although the underlying plaintiff (defendant Hayes in the instant case) may label his counts as "alternate theories of relief," it is the elements of the cause of action which are key in determining the relief sought. Especially considering Illinois' fact-pleading requirement, if the plaintiff fails to include allegations of intentional behavior, he can hardly have a cause of action for an intentional tort simply because he labeled it as such. ***See, e.g., Ill. State Bar Ass'n Mut. Ins. Co. v. Mondo*, 911 N.E.2d 1144,**

**1149 (Ill. App. Ct. 2009) ("Little weight is given to the legal label that characterizes the allegations of the underlying complaint; rather, the determination focuses on whether the alleged conduct arguably falls within at least one of the categories of wrongdoing listed in the policy.") (citations omitted)**.

Assuming the underlying plaintiff properly plead alternate theories of recovery (as it is not the job for this Court to actually determine whether the underlying plaintiff has actually properly plead an intentional tort claim), the Court still finds Plaintiff should not be estopped from seeking to be relieved of its duty to defend and indemnify Lenny's Tavern. Whether a conflict of interest exists does not matter in this particular case, as the "Assault and/or Battery Exclusion" in the Policy excludes either theory of recovery. In other words, the language of the Exclusion does not only exclude *intentional* acts. The Exclusion encompasses "any claims or 'suits' for 'bodily injury' . . . arising in whole or in part out of: a) the actual or threatened assault or battery whether caused by or at the instigation or direction of any insured, his employees, patrons or any other person; and b) the failure of any insured or anyone else for whom any insured is legally responsible to prevent or suppress assault or battery . . ." (Doc. 2, Ex. 1).

In sum, the Court finds the language of this Exclusion is applicable to the allegations for the negligence cause of action as well as the allegations for the intentional tort cause of action in the underlying suit. Thus, there is no conflict of

interest, as neither theory of recovery would not potentially trigger coverage. Instead, neither theory of recovery appears to trigger coverage, due to the broad scope of the Exclusion. Lenny's Tavern does not further expound its argument as to *why* a conflict of interest exists when construing both the allegations of the underlying suit together with the provisions and exclusions of the Policy. Rather, Lenny's Tavern merely asserts that a conflict of interest exists. The Court, finding otherwise, cannot agree with this argument. Further, because Lenny's Tavern does not make an argument that aside from its affirmative defense of estoppel, Plaintiff has a duty to defend and indemnify it under the provisions of the Policy for the underlying suit, the Court need not consider such an argument. Therefore, the Court holds that there is no conflict of interest regarding the alternate theories of relief plead in the underlying suit and thus, Plaintiff is not estopped from seeking declaratory relief that it has no duty to defend or indemnify Lenny's Tavern under the Policy in the underlying suit. Further, the Court finds that in construing the allegations of the underlying suit in the light most favorable to Lenny's Tavern as the insured, coverage is not triggered due to the language of the provisions and exclusions in the Policy, notably the "Assault and/or Battery" Exclusion. Because the Court finds no coverage, then under the terms of the Policy, specifically the Duty to Defend Limitation, Plaintiff has no duty to defend Lenny's Tavern in the underlying suit. Lastly, because the Court finds no duty to defend exists, Plaintiff also has no duty to indemnify Lenny's Tavern for any liability it may incur in the underlying suit. Accordingly, Plaintiff is entitled to summary judgment.

## IV. Conclusion

Based on the Court's findings discussed herein, Plaintiff's Motion for Summary Judgment (Doc. 21) is **GRANTED**. As such, summary judgment shall be entered in favor of plaintiff Atlantic Casualty Insurance Company and against defendants Adam Harris, Inc., d/b/a Lenny's Tavern and Joe L. Hays. Further, because Plaintiff seeks declaratory relief, the Court hereby **FINDS** and **DECLARES** as follows:

1. The "underlying suit" – *Joe L. Hays v. Leonard Fowler d/b/a Lenny's Tavern*, filed in the Circuit Court of Madison County, Illinois, Case Number 08-L-322 – alleges that the plaintiff Joe L. Hays suffered an assault and/or battery by the patrons of Lenny's Tavern, for which any duty to defend is precluded under the "Policy" (Policy No. M051000120, effective November 20, 2005 through November 20, 2006) pursuant to the Exclusion for Assault and/or Battery;

2. Any alleged failure of Lenny's Tavern to prevent or suppress the alleged assault and/or battery at issue in the underlying suit is also precluded under the Policy pursuant to the Exclusion for Assault and/or Battery; and

3. Plaintiff has no obligation to defend or indemnify defendant Adam Harris, Inc., d/b/a Lenny's Tavern under the Policy in connection with the underlying suit.[1]

---

[1] The Court notes that Plaintiff also sought a declaration that "Defendants in this suit have no rights under the Policy in connection with the underlying suit," but the Court refrains from making such a finding and declaration to this effect, as it believes it overly-broad and unsupported by Plaintiff's arguments. It remains unknown whether other causes of actions will be plead in the underlying suit or evidence brought forth later on in the proceeding which may potentially trigger coverage. Because the Court was not informed that the underlying suit has been resolved, whether on motion, by settlement, trial or otherwise, such change remains a possibility.

Lastly, the Clerk is instructed to close the case file; judgment to enter accordingly.

**IT IS SO ORDERED.**

Signed this 18th day of February, 2010.

/s/  David R Herndon

**Chief Judge**
**United States District Court**